No. 732.

MEYER, WEIS & CO. VS. E. A. TROUSDALE ET AL.

Those parties to a suit who do not appeal are appellees. The failure or omission of one
defendant to appeal does not affect the right of appeal of the other defendant.

Before a sale of land can be annulled for alleged fraud upon the rights of the attacking
creditor, it must be shewn that the sale jeopards those rights.

APPEAL from the District Court of Ouachita.   PARSONS, J.

*R. W.* & *R. Richardson* for Plaintiffs.   *Farmer* for Defendants.

The plaintiffs brought suit in November, 1874, upon a note of D.
B. Trousdale for $891.15, indorsed by his sister, the defendant,
which was secured by a mortgage upon four hundred acres of land,
and obtained judgment against both of them the next month.   Six
days before this judgment, Emily A. Trousdale sold to Atkins, the
other defendant in this suit, her interest in another tract of land, of
which she and Atkins were joint owners, for $2,500, payable in one
year.   The plaintiffs issued execution and had it levied upon the land
specially mortgaged, and the seizure was released by order of their
counsel.   No execution was issued against D. B. Trousdale, the
other judgment debtor, but this suit was instituted against Miss
Trousdale and Atkins to annul the sale from the one to the other as
fraudulent, and made for the purpose of screening her property from
their pursuit.

The case was tried by a jury who found for the plaintiffs, and
there was judgment accordingly, from which Atkins alone appealed,
the appeal being by motion in open court.

In this court the plaintiffs moved to dismiss on the ground that
Miss Trousdale made no appearance in the lower court, and took no
appeal, and had not been cited as an appellee.

DE BLANC, J.   The appeal was granted in open court.   The appeal
bond is in favor of the clerk.   In such case the parties to a suit who
are not appellants are appellees.   There was no necessity for citing
Miss Trousdale.   She is an appellee, and her non-action did not
deprive her co-defendant of his constitutional right.   22 A. 463.

*The motion to dismiss is overruled.*

On the merits, after stating the case : —

DE BLANC, J.   Was the assailed transfer from Miss Trousdale to Atkins made in good faith and in the usual course of their business? If not, has it operated to plaintiffs' injury.

It is urged that the sale was intended as a fraud.   If it was, that fact has not been shown, much less was it shown that it caused, or can cause, any injury to plaintiffs.

The stipulated price has not been paid.   The note representing that price is in the hands of their debtor.   It is more than sufficient to satisfy their judgment, and they can reach it.

Separately and collectively, the facts disclosed by the record do not justify the verdict of the jury.   If the evidence adduced is not sufficient to establish, it is certainly insufficient to impugn the validity of the sale from Miss Trousdale to Atkins.   The vendee is in possession of the land and rents it.   The vendor holds the vendee's note, has not disposed of it.   Besides their judgment against D. B. & E. A. Trousdale, not proven to be insolvent, plaintiffs have a mortgage on four hundred acres of land, and a decree ordering the sale of that land to satisfy that judgment.   How can we presume that this claim is not fully secured?   Were it not for the doubt which arises from the proximity of dates between plaintiffs' action against Miss Trousdale, on the note indorsed by her to Atkins, we would have been inclined to reserve the reconventional demand of the latter.   At it is, we consider it equitable and proper to close this branch of their litigation.

*Judgment reversed, and for the defendant.*